UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **ED CV 24-1908-JFW(SPx)**                                    Date: September 26, 2024

Title:        Diana Renate Kostolansky -v- Costco Wholesale Corporation, et al.

---

**PRESENT:**
        **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

        Shannon Reilly                                 None Present
        Courtroom Deputy                               Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                            None

**PROCEEDINGS (IN CHAMBERS):**        ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO SAN BERNARDINO COUNTY SUPERIOR COURT

On October 20, 2023, Plaintiff Diana Renate Kostolansky ("Plaintiff") filed a Complaint against Defendant Costco Wholesale Corporation ("Costco"), John Doe, and Does 1 to 20 in San Bernardino County Superior Court, alleging only state law claims for relief and damages including wage loss, hospital and medical expenses, general damages, loss of earning capacity, future loss of earnings, and costs. On November 29, 2023, Costco filed its Answer to the Complaint. On September 6, 2024, Costco filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and the party seeking to avail itself of a removal statute bears the burden of showing that removal is appropriate. *See, e.g., Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."). Any doubts about the right to remove are resolved against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). Moreover, an action must be removed within 30 days of a defendant's receipt of the initial pleading setting forth a removable claim. 28 U.S.C. § 1446(b). If the claim was not removable at the time of the initial pleading, a suit must be removed within 30 days of the

defendant first ascertaining, based on an amended pleading or other papers, that the case is or has become removable. *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 782 (9th Cir.1994); *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir.1989). However, "[i]f the case is removable from the outset, it must be removed within the thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D. Cal.1989) (citation omitted). If the case is not removed during the thirty day period, the right to removal is waived and once waived, it is generally waived forever regardless of the changes to the case. *Dunn v. Gaiam*, 166 F.Supp. 2d 1273, 1278-79 (C.D. Cal.2001).

In this case, although Costco was served with a copy of the Summons and Complaint and filed its Answer on November 29, 2023, Costco did not file its Notice of Removal until September 6, 2024, more than nine months later. And, although Costco alleges in its Notice of Removal that Plaintiff indicated that damages exceed $75,000, it fails to allege how or when it learned that damages exceed $75,000.

Accordingly, Costco is hereby ordered to show cause, in writing, no later than **October 2, 2024**, why this Court should not remand this action. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. In addition, Plaintiff is ordered to inform the Court, in writing, no later than **October 1, 2024**, if it waives the procedural defect discussed above.

If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause. Plaintiff's failure to respond to this Order to Show Cause will result in the waiver of the procedural defect discussed above. If Plaintiff does not waive the procedural defect, Costco's failure to respond to the Order to Show Cause will result in the remand of this action.

IT IS SO ORDERED.