UNITED STATES DISTRICT COURT　　　　　　　　　　　　　　　　　　　JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.    **ED CV 24-1908-JFW(SPx)** | Date: October 8, 2024 |

Title:　　　Diana Renate Kostolansky -v- Costco Wholesale Corporation, et al.

**PRESENT:**
　　　**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**　　　ORDER REMANDING ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT

　　　On October 20, 2023, Plaintiff Diana Renate Kostolansky ("Plaintiff") filed a Complaint against Defendant Costco Wholesale Corporation ("Costco"), John Doe, and Does 1 to 20 in San Bernardino County Superior Court, alleging only state law claims for relief and damages including wage loss, hospital and medical expenses, general damages, loss of earning capacity, future loss of earnings, and costs. On November 29, 2023, Costco filed its Answer to the Complaint. On September 6, 2024, Costco filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). On September 26, 2024, the Court issued an Order to Show Cause why this action should not be remanded to San Bernardino County Superior Court for failure to remove the action within 30 days of first ascertaining that the case was removable. On October 2, 2024, Costco filed its response to the Order to Show Cause. On October 4, 2024, Plaintiff filed a Motion to Remand, objecting to the procedural defect in Costco's removal identified by the Court.

　　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and the party seeking to avail itself of a removal statute bears the burden of showing that removal is appropriate. *See, e.g., Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."). Any doubts about the right to remove are resolved against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

　　　Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of

different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). Moreover, an action must be removed within 30 days of a defendant's receipt of the initial pleading setting forth a removable claim. 28 U.S.C. § 1446(b). If the claim was not removable at the time of the initial pleading, a suit must be removed within 30 days of the defendant first ascertaining, based on an amended pleading or other paper, that the case is or has become removable. *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 782 (9th Cir.1994); *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir.1989). However, "[i]f the case is removable from the outset, it must be removed within the thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D. Cal.1989) (citation omitted). If the case is not removed during the thirty day period, the right to removal is waived and once waived, it is generally waived forever regardless of the changes to the case. *Dunn v. Gaiam*, 166 F.Supp. 2d 1273, 1278-79 (C.D. Cal.2001).

In this case, on or about January 21, 2024, Plaintiff served on Defendant a Statement of Damages, which included more than $75,000 in total damages (e.g., $43,482.95 in pain, suffering and inconvenience, $43,482.95 in emotional distress, and $43,482.95 in medical expenses to date). And, Costco admits that, on April 17, 2024, "Plaintiff's counsel demanded $155,000.00 from Costco as an opening demand," and, on May 15, 2024, increased the demand to $350,000 Costco Decl. ¶¶ 5-6. See, *e.g., Addo v. Globe Life & Acc. Ins. Co.,* 230 F.3d 759, 762 (5th Cir. 2000) "Addo's post-complaint demand letter was an 'other paper' under § 1446(b) which gave Globe notice that the case was removable."). Accordingly, because Costco first ascertained more than thirty days before it filed its Notice of Removal that this case was removal, and Plaintiff objected to this procedural defect, this action is hereby **REMANDED** to San Bernardino County Superior Court. Because the Court raised the procedural defect *sua sponte* and the defect was waivable, the Court denies Plaintiff's request for her just costs and expenses incurred in connection with Costco's attempted removal of this action.

IT IS SO ORDERED.